UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROTECH HEALTHCARE INC.,**

**Plaintiff,**

**v.** **Case No. 6:23-cv-2338-JA-RMN**

**JEFFREY CARMICHAEL,**

**Defendant.**

---

# ORDER

This case is before the Court on Defendant's motion to transfer venue and stay proceedings under 28 U.S.C. § 1404(a) (Doc. 14) and Plaintiff's response (Doc. 27). Having considered the parties' submissions, the Court finds that the motion must be denied.

## I. BACKGROUND[1]

Plaintiff is "a national provider of . . . respiratory equipment and services," (Doc. 1 ¶ 9), "with [a] principal place of business in Orlando, Florida," (*id.* ¶ 7). Defendant is a former employee of Plaintiff, (*id.* ¶ 8), who worked "as an Account Executive . . . with a sales territory" in the greater Indianapolis, Indiana area, (*id.* ¶ 32). As an employment condition, Defendant signed a contract that laid out his obligations regarding Plaintiff's confidential

[1] The Court draws the facts from the complaint (Doc. 1).

information and trade secrets and that contained nondisclosure, noncompetition, nonsolicitation, and forum-selection clauses. (*Id.* ¶ 30; *accord* Doc. 1-1). He signed the contract electronically by clicking a box labeled "Signature" above a statement informing him that clicking the box was "equivalent to a handwritten signature." (Doc. 1-1 at 6 (emphasis omitted)). Under the forum-selection clause, which appears in a paragraph clearly labeled "Governing Law, Venue, and Consent to Jurisdiction," "venue shall be in any state or federal court of competent jurisdiction in Florida." (*Id.* at 5).

Defendant resigned his employment in June 2023. (Doc. 1 ¶ 35). Before resigning, he downloaded some of Plaintiff's confidential information and trade secrets without Plaintiff's knowledge. (*Id.* ¶ 36). After resigning, he went to work for one of Plaintiff's direct competitors, (*id.* ¶ 38), where he used the information to compete with Plaintiff, (*id.* ¶ 47). Accordingly, in December 2023, Plaintiff initiated this action. (*Id.* at 34). Plaintiff brings seven counts: misappropriation of trade secrets under the Defend Trade Secrets Act[2] and the Florida Uniform Trade Secrets Act[3] (Counts I and II); breach of the nondisclosure, noncompetition, and nonsolicitation clauses in the contract (Counts III, IV, and V); tortious interference with advantageous business relationships (Count VI); and breach of duty of loyalty (Count VII). (*Id.* ¶¶ 59–

[2] 18 U.S.C. § 1836.
[3] Fla. Stat. §§ 688.001–.009.

137). Plaintiff seeks injunctive relief and money damages. (*E.g.*, *id.* ¶¶ 76–78).

## II. DISCUSSION

Defendant disputes the enforceability of the forum-selection clause and contends that absent that clause, "the interest of justice and the convenience of the parties and witnesses . . . support[] transfer to . . . the Southern District of Indiana," where he worked for Plaintiff. (Doc. 14 ¶ 20). Alternatively, he asserts that even if the clause is valid, "public[-]policy interests . . . overwhelmingly support a transfer." (*Id.* ¶ 27). The Court disagrees: the clause is enforceable, and a transfer is unwarranted under *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013).

### A. Enforceability of the Forum-Selection Clause

When subject-matter jurisdiction is based on a federal question, as it is in this case, "federal law determines the enforceability" of a forum-selection clause. *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1297 (11th Cir. 2021). Under federal law, a forum-selection clause is "presumptively valid and enforceable unless" the party opposing its enforcement "makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."[4] *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th

---

[4] Some cases specify that "[m]andatory forum-selection clauses are 'presumptively valid and enforceable.'" *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)). To the extent that the law treats mandatory and permissive clauses differently, the clause in this case is mandatory because it uses "shall." (Doc.

Cir. 2009) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991), and *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Defendant's motion is not a model of clarity, but he appears to argue that the clause is invalid for two reasons: (1) "it was procured by overreaching and insufficient notice,"[5] and (2) its enforcement would contravene public policies related to "efficient judicial administration"/"court congestion" and the "local resolution of localized controversies."[6] (*See* Doc. 14 ¶¶ 14–19, ¶¶ 36–40; *see also* Doc. 27 at 13–17 (Plaintiff's response that the clause is not invalid for overreaching or public-policy reasons)). *See Krenkel*, 579 F.3d at 1281 (listing overreaching and the contravention of public policy among the grounds for invalidating a forum-selection clause). The Court addresses Defendant's overreaching and public-policy arguments in turn.

---

1-1 at 5). *See Slater*, 634 F.3d at 1330 ("[T]he use of the term 'shall' is one of requirement.").

[5] Defendant speaks of "fraud or overreaching" in one breath, (Doc. 14 ¶ 14), but does not contend that Plaintiff made misrepresentations to him or otherwise defrauded him into accepting the forum-selection clause, (*see id. passim*).

[6] Defendant briefly mentions the policy "interest in having the trial of a diversity case in a forum that is at home with the law." (Doc. 14 ¶ 38 (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6)). To the extent that Defendant mentions this policy interest as a reason to transfer this case to Indiana, his position is unpersuasive. To begin with, this case is not "a diversity case." Furthermore, the contract's governing-law clause calls for the application of Florida law, (Doc. 1-1 at 5), and Defendant does not establish that this clause is invalid, (*see* Doc. 14). If Florida law applies, a Florida court is more "at home with the law" than an Indiana court is.

*1. Overreaching*

To determine whether overreaching invalidates "a non-negotiated forum-selection clause," courts employ a two-part test focused on "whether the clause was reasonably communicated" to the party allegedly bound by it. *Krenkel*, 579 F.3d at 1281. This test examines: (1) whether "the clause's physical characteristics" impaired communication and (2) whether the party allegedly bound by the clause had the opportunity to "become meaningfully informed of the clause and to reject its terms." *Id.* Here, Defendant's only assertion arguably related to the clause's physical characteristics is that the clause was "buried in the [contract's] fine print." (Doc. 14 ¶ 15). However, the clause appeared "in legible type in the same font and type size as the surrounding paragraphs," not in fine print. (*See* Doc. 1-1 at 5). *See Krenkel*, 579 F.3d at 1281. And the paragraph containing the clause was clearly labeled "Governing Law, Venue, and Consent to Jurisdiction." (Doc. 1-1 at 5). As to Defendant's opportunity to become meaningfully informed of, and to reject, the clause, he maintains that the contract containing the clause was "presented to [him] as one of many items [he] was to 'click-through' during his pre-employment onboarding process."[7]

[7] Defendant also complains of Plaintiff's superior bargaining power and of the electronic process for signing the contract. (Doc. 14 ¶¶ 15, 17). On the first point, a forum-selection clause may be enforceable even when the party opposing the clause did "not have bargaining parity with" the drafter of the contract. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593, 595 (1991) (viewing "an ordinary commercial cruise ticket" as "a form contract" containing non-negotiated terms and holding cruise passengers to forum-selection clauses in such contracts). On the second point, federal law recognizes

(Doc. 14 ¶ 15). He does not, however, establish that "he was hurried or prevented from reading" the contract. *See Geico Marine Ins. Co. v. Amzim Marine Servs., LLC*, 641 F. Supp. 3d 1292, 1300 (M.D. Fla. 2022). In fact, he says nothing about how long he had to read it. (*See* Doc. 14). "Furthermore, the [clause] is clear on its face, directing litigation unambiguously to the courts of [Florida]." *See Est. of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1246 (11th Cir. 2012), *superseded by statute on other grounds as stated in Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1364 n.2 (11th Cir. 2018).

Defendant acknowledges "existing precedent for enforcing a forum-selection clause such as the one at issue in this case, even when non-negotiated," but he distinguishes those cases—which, he says, "concern[ed] consumer transactions"—from "the present case involving an employment contract to perform localized services for a national corporation." (Doc. 14 ¶ 25). Contrary to Defendant's position, the Eleventh Circuit has enforced a forum-selection clause in such an employment situation. *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1328–32 (11th Cir. 2011) (upholding the enforceability of a forum-selection clause in an employment agreement when a former employee sued her former employer—an international company—for discrimination, the

---

the enforceability of a contract that a party signs electronically with a click. *See Siedle v. Nat'l Ass'n of Sec. Dealers*, 248 F. Supp. 2d 1140, 1143 (M.D. Fla. 2002) (listing federal cases "approving the validity of click agreements").

plaintiff had "worked as a receptionist and later as a healthcare technician" at a Florida facility for the defendant, and the clause required a Virginia forum), *abrogated on other grounds by Atl. Marine*, 571 U.S. at 59. Here, because the forum-selection clause was reasonably communicated to Defendant, it is not invalid for overreaching.

*2. Public Policies*

A forum-selection clause "should be held unenforceable if [its] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *The Bremen*, 407 U.S. at 15; *accord Davis v. Oasis Legal Fin. Operating Co.*, 936 F.3d 1174, 1178 (11th Cir. 2019). Here, Plaintiff brought suit in Florida. (*See* Doc. 1). Thus, Defendant must point to strong public policies announced in Florida law to overcome the forum-selection clause's presumptive validity. Yet Defendant does not cite Florida law or discuss Florida public policies. (*See* Doc. 14). He does not even cite Indiana law or discuss Indiana public policies. (*See id.*). Instead, he asserts, if anything, two public-interest factors mentioned in *Atlantic Marine*: the "administrative difficulties flowing from court congestion" and the "local interest in having localized controversies decided at home," 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). (*See* Doc. 14 ¶ 38). "[A]s a general rule," parties—not courts—"are responsible for advancing the facts and argument entitling [the parties] to relief." *United States v.*

*Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (quoting *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in the judgment)). Accordingly, the Court will not search for Florida law that aligns with the asserted public-interest factors. Because Defendant does not show that enforcement of the forum-selection clause would contravene strong public policies of Florida, the clause is not invalid for public-policy reasons.

Defendant fails to make a strong showing that enforcement of the clause would be unfair or unreasonable under the circumstances and thus fails to overcome the presumption that the clause is valid and enforceable. *See Krenkel*, 579 F.3d at 1281. Therefore, the Court will engage in the *Atlantic Marine* analysis, which applies "when the parties' contract contains a valid forum-selection clause." 571 U.S. at 63.

**B. *Atlantic Marine* Analysis**

"In the typical case not involving a forum-selection clause, a district court considering" a motion to transfer venue under § 1404(a) weighs relevant private-interest and public-interest factors to "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 571 U.S. at 62–63 & n.6 (quoting § 1404(a)); *see* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or

division to which all parties have consented."). Under *Atlantic Marine*, "a valid forum-selection clause" changes the usual calculus such that "the private-interest factors . . . weigh entirely in favor of the preselected forum" and the public-interest factors "rarely defeat" enforcement of the clause. 571 U.S. at 63–64. Thus, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 63 (alteration in original) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). This is so because "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. . . . In all but the most unusual cases, . . . 'the interest of justice' is served by holding parties to their bargain." *Id.* at 66; *see also AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1295 (11th Cir. 2022) ("[E]nforcing [a] forum-selection clause furthers a fundamental policy of contract law—that parties are generally free to structure their affairs through legally binding promises." (emphasis omitted)).

As mentioned above, Defendant asserts two public-interest factors— the "administrative difficulties flowing from court congestion" and the "local interest in having localized controversies decided at home"—and contends that notwithstanding the valid forum-selection clause, these factors "overwhelmingly support a transfer under the circumstances of this case." (Doc. 14 ¶¶ 27, 38). With respect to court congestion, Defendant maintains that this

Court's "already crowded docket," compared to the Southern District of Indiana's smaller average caseload, "weighs heavily" in favor of a transfer. (*Id.* ¶ 29). In *Turner v. Costa Crociere S.P.A.*, 9 F.4th 1341 (11th Cir. 2021), the district court "gave . . . little weight" to "the administrative difficulties associated with the Southern District of Florida's busy docket" when it enforced a forum-selection clause requiring a cruise passenger to litigate in Italy, and the Eleventh Circuit affirmed. *Id.* at 1344, 1348. Here, the Court likewise gives little weight to a factor focused on a busy docket. With respect to the local resolution of localized controversies, Defendant argues that "this case inherently involves local controversies" because he worked for Plaintiff in Indianapolis and works for Plaintiff's competitor in an overlapping geographic area, because the "interpretation and enforcement of the nonsolicitation and noncompetition clauses" may require the Court to consider the "particular confines of [his] prior 'market area' and relevant business contacts," and because Plaintiff seeks permanent "injunctive relief to be administered" locally. (Doc. 14 ¶¶ 30–33). Although the Court is generally sympathetic to this argument, this case is not one of the "most exceptional cases" in which a valid forum-selection clause should not receive "controlling weight." *Atl. Marine*, 571 U.S. at 63. Because the forum-selection clause requires litigation in Florida, the motion to transfer the case to Indiana must be denied.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's motion to transfer venue (Doc. 14) is **DENIED**. The motion to stay proceedings is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida, on March 22nd, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record